

**Shannon D. Sims,** OSB#072029
ATTORNEY AT LAW
3027 East Burnside #8
Portland, OR 97214
Telephone (503) 347-9635
sdslaw@gmail.com
Attorney for Plaintiff

FILED'10 JUL 26 9:37USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARK BROWN** | Case No. **CV '10 - 872      ST** |
| **Plaintiff,** | **COMPLAINT**<br>Fair Debt Collection Practices Act |
| v. | |
| **DANIEL N. GORDON, P.C.,** | **DEMAND FOR JURY TRIAL** |
| an Oregon corporation, and **DOES 1-5** | (Fair Debt Collection Practices, Unlawful<br>Debt Collection Practices) |
| **Defendants.** | |

### I. INTRODUCTION

1.   Plaintiff files this Complaint against the Defendants. This is an action for actual and statutory damages brought by Plaintiff, Mark Brown, against Defendants, Daniel N. Gordon, P.C. and DOES 1-5 for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Oregon Unlawful Debt Collection Practices Act, ORS § 649.639 *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Page 1 of 6 - COMPLAINT

## II. JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that Defendants transact business in the State of Oregon, Plaintiff resides in the State of Oregon, and the conduct complained of occurred in the State of Oregon.

## III. PARTIES

3.  Plaintiff Mark Brown ("Brown") is a natural person residing in Milwaukie, Oregon, County of Clackamas, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4.  Defendant, Daniel N. Gordon, P.C. ("Gordon"), is an Oregon corporation engaged in the business of collecting debts in this state with its principal place of business located at 4023 W 1st Ave., Eugene, Oregon 97402. Gordon is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mail and/or telephone in the collection of debts from consumers, and it was acting in this capacity as to the consumer debt it attempted to collect from Brown.

5.  Gordon can be served with process by serving its registered agent, Daniel Gordon, at 4023 W 1st Ave., Eugene, Oregon 97402.

6.  DOES Defendants 1-5 are individuals believed to be engaged as "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) because they regularly use(s) the mail and/or telephone in the collection of debts from consumers, and they were acting in this capacity as to the consumer debt they attempted to collect from the plaintiff. DOES Defendant's may also be entities that are in violation of federal or state law for conduct including, but not limited to, attempting to seek a remedy not allowed by law by attempting to collect a non-

existent debt. The identities of said parties have yet to be uncovered; however such identities are expected to be uncovered by knowledge gained in fact discovery.

## IV. FACTUAL ALLEGATIONS

7. Brown received his first notice of this alleged debt when he reviewed his credit report and noticed an unknown claim. He called the number provided, reached the Defendant, and inquired about the debt.

8. At that time he was told that the case was progressing and that "they were awaiting a case number."

9. Brown disputed the debt in writing. He pointed out that the alleged debt was not his, and he requested validation.

10. Defendant responded with two identical pages showing a brief period of activity on an account that Brown does not own.

11. Brown wrote another letter to Defendant disputing the alleged debt. Brown pointed out that the documents submitted did not in any way provide validation of the debt. Again, he requested validation.

12. In mid-June 2010, Brown found a summons and complaint wedged in his front door.

13. The documents were dated March 31, 2010.

14. Upon further investigation, Brown discovered that the documents were allegedly served on him via personal service on or about June 16, 2010.

15. These documents were not provided to Brown via personal service.

16. Instead of providing validation of the alleged debt, the Defendant stooped to an unconscionable act in an effort to collect the alleged debt.

17.   As a result of Defendant's act, Brown has suffered damages, including intense anxiety.

## V. FIRST CLAIM FOR RELIEF

### (Fair Debt Collection Practices Act)

18.   Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19.   Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a)   Defendants, through its representatives, violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

   b)   Defendants, through its representatives, violated 15 U.S.C. 1692f by engaging in unfair and unconscionable tactics to collect an alleged debt.

20.   As a result of the foregoing violations of the FDCPA, Plaintiff suffered embarrassment, humiliation, worry, agitation, and emotional distress. Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

### (Unlawful Debt Collection Practices Act)

21.   Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

22.   Defendants violated the Oregon UDCPA. Defendants' violations of the UDCPA include, but are not limited to, the following:

   a)   Defendants, through its representatives, violated ORS § 649.639(2)(d) by communicating with the Plaintiff in an abusive manner.

b) Defendants, through its representatives, violated ORS § 649.639(2)(k) by attempting to seek a remedy that it knew or should have known it did not have the right to seek.

23. As a result of the foregoing violations of the Oregon UDCPA, Plaintiff suffered embarrassment, humiliation, worry, agitation, and emotional distress. Defendants are liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff respectfully request that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendant has violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k;

C. Actual damages pursuant to ORS § 646.641(1);

D. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

E. Statutory damages of $200.00 pursuant to ORS § 646.641(1);

F. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and ORS § 646.641(2); and

G. For such other and further relief as the court may deem just and proper.

Respectfully submitted this 26th day of July, 2010.

Shannon D. Sims, OSB #072029
Attorney At Law
3027 East Burnside #8
Portland, OR 97214
Telephone (503) 347-9635
sdslaw@gmail.com
**Attorney for Plaintiff**

Page 5 of 6 - COMPLAINT

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

_____
Shannon D. Sims, Attorney for Plaintiff

Page 6 of 6 - **COMPLAINT**